IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEIGO D. CARTER, JR.,<br><br>Defendant. | 4:22-CR-3046<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report in this case. There are no motions for departure or variance. Both parties have objected to the presentence report. Filing 49; filing 54.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. Both the government (filing 49) and the defendant (filing 54) have objected to the presentence report.

The defendant pled guilty to one count of being a prohibited person (a felon) in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), "[b]etween on or about August 22, 2021 and September 7, 2021[.]" Filing 1 at 1; filing 41 at 1. The factual basis for the plea was a number of social media posts in which the defendant displayed a Glock handgun, and his arrest on September 7 in a vehicle where what appeared to be the same Glock handgun was found. Filing 41 at 2-3.

The government objects to the presentence report's failure to enhance the offense level pursuant to U.S.S.G. § 2K2.1(b)(6)(B), which provides a four-level enhancement if the defendant possessed the firearm "in

- 2 -

connection with another felony offense." Filing 49. The government argues that the defendant possessed the firearm in connection with drug trafficking in violation of state and federal law. Filing 49.

Where the other alleged offense is drug trafficking, § 2K2.1(b)(6)(B) applies whenever "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *United States v. Walker*, 900 F.3d 995, 997 (8th Cir. 2018) (citing § 2K2.1 cmt. n.14(B)). Alternatively, the enhancement may apply if the firearm or ammunition facilitated, or had the potential to facilitate, drug trafficking. *See United States v. Mitchell*, 963 F.3d 729, 731 (8th Cir. 2020) (citing § 2K2.1 cmt. n.14(A)). And the government bears the burden of proving facts to support a § 2K2.1(b)(6)(B) enhancement. *Mitchell*, 963 F.3d at 731.

Here, the government's evidence indicates that the defendant was arrested in a vehicle with the weapon, and another passenger in the vehicle had a small quantity of marijuana hidden on his body. Filing 52-3; filing 52-4. A THC product was found in the back seat, and a backpack in the trunk contained jars with marijuana residue. Filing 52-2. And the defendant's recent social media posts had both displayed the firearm, and marijuana and THC products that the defendant had offered for sale. Filing 52-5; Filing 52 ex. 6; filing 52 ex. 7.

The government's argument is premised on the well-established principle that "when a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender." *United States v. Bullock*, 35 F.4th 666, 670 (8th Cir. 2022). As a result, the "facilitate" standard may be met where the defendant publicly

possessed a firearm and a personal-use amount of illegal drugs. *See Mitchell,* 963 F.3d at 733. But the Court can't automatically apply § 2K2.1(b)(6)(B) just because drugs and a weapon are involved—the Court must affirmatively make a finding that the weapon facilitated the drug offense. *United States v. Blankenship,* 552 F.3d 703, 705 (8th Cir. 2009).

The government's argument is that by displaying a firearm on the same social media accounts used to advertise drugs for sale, the firearm facilitated the drug trafficking by showing that the defendant and the drugs he was selling were protected—and moreover, that the circumstances of the defendant's arrest suggest the firearm was present because drug trafficking had been conducted. *See* filing 50 at 9-11. In that regard, the Court notes that this case is somewhat akin to *Bullock*, in which the § 2K2.1(b)(6)(B) enhancement was supported by the defendant keeping a weapon on the floor of a vehicle from which drugs were being sold. 35 F.3d at 670-71. And this case is unlike *United States v. Walker,* 900 F.3d 995, 997 (8th Cir. 2018), where there was no evidence connecting the firearm found in the trunk of a vehicle to the defendant— here, the defendant's social media posts literally put the firearm at issue in his hands.

For his part, the defendant objects to a series of paragraphs contained in the prosecutor's version of the offense conduct, as related in the presentence report. Filing 54. The point of the defendant's objection isn't to challenge the presentence report's Guidelines calculation—rather, it's to *defend* the presentence report's calculation from the government's objection and argument for the § 2K2.1(b)(6)(B) enhancement. *See* filing 54 at 4-5. Generally described, the defendant objects to all the aspects of

the presentence report that connect the defendant to drug trafficking. *See* filing 54 at 1-3. The defendant also objects to the government's description of the defendant's later arrest in January 2022—in other words, the allegations supporting the count of the indictment to which the defendant did *not* plead. *See* filing 54 at 4.

Several of the defendant's objections "put[] the government to its proof" with respect to the facts. *See* filing 54 at 1-4. The Court notes that the evidence already submitted in support of the government's objection goes a long way toward meeting that burden. The government's contention that the defendant was seen in videos handling firearms and selling narcotics seem to be amply supported by the government's Exhibits 6 and 7. The police reports substantiate the government's claims about the circumstances of the defendant's arrest, *see* filing 52, and the Court assumes that the testimony at sentencing will be to the same effect. The Court will make a final ruling on this issue, however, based on the evidence at sentencing.[1]

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

---

[1] The connection between evidence regarding the defendant's January 2022 arrest and the Guidelines calculation seems to the Court, however, to be tenuous at best. The government should consider whether that's worth fighting about. For his part, however, the defendant should review the government's evidence to this point and consider how much he wants to keep fighting about—particularly given that the parties have a Rule 11(c)(1)(C) plea agreement. *See* filing 41. The Court understands that the plea agreement still leaves a sentencing range of between 43 and 57 months to try and navigate, *see* filing 41 at 4—but candidly, the videos and photographs provided by the government are what they are.

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 3rd day of March, 2023.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge